# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Dallas Division

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | Case Number: 3:15-CR-00559-O(06) |
|  | U.S. Marshal's No.: 53897-177 |
| ANGEL CLAUDIO | Adienne Frazior, Assistant U.S. Attorney |
|  | Jens Bakker, Attorney for the Defendant |

On May 18, 2018 the defendant, ANGEL CLAUDIO, entered a plea of guilty as to Count One of the Superseding Indictment filed on February 18, 2016. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to Commit Healthcare Fraud | September 30, 2015 | One |

The defendant is sentenced as provided in pages 2 through 4 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Superseding Indictment filed on February 18, 2016.

Upon Motion of the government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed October 15, 2018.

REED O'CONNOR
U.S. DISTRICT JUDGE

Signed October 16, 2018.

## IMPRISONMENT

The defendant, ANGEL CLAUDIO, is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **SIX (6) months** as to Count One of the Superseding Indictment filed on February 18, 2016.

The Court recommends to the BOP that the defendant be allowed to be housed at an FCI facility within the Northern District of Texas area, if possible.

The Defendant is to report to the designated institution on or before 2:00pm, November 20, 2018.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **ONE (1) year** as to Count One of the Superseding Indictment filed on February 18, 2016.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

( 1)   not leave the judicial district without the permission of the Court or probation officer;
( 2)   report to the probation officer as directed by the Court or probation officer and submit a truthful and complete written report within the first five (5) days of each month;
( 3)   answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
( 4)   support the defendant's dependents and meet other family responsibilities;
( 5)   work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
( 6)   notify the probation officer within seventy-two (72) hours of any change in residence or employment;
( 7)   refrain from excessive use of alcohol and not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
( 8)   not frequent places where controlled substances are illegally sold, used, distributed, or administered;
( 9)   not associate with any persons engaged in criminal activity and not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
(10)   permit a probation officer to visit the defendant at any time at home or elsewhere and permit confiscation of any contraband observed in plain view by the probation officer;
(11)   notify the probation officer within seventy-two (72) hours of being arrested or questioned by a law enforcement officer;
(12)   not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and,
(13)   notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and permit the probation officer to make such notifications and to

confirm the defendant's compliance with such notification requirement, as directed by the probation officer.

In addition the defendant shall:

not commit another federal, state, or local crime;

not possess illegal controlled substances;

not possess a firearm, ammunition, destructive device, or other dangerous weapon;

cooperate in the collection of DNA as directed by the U.S. probation officer;

report in person to the U.S. Probation Office in the district to which the defendant is released from the custody of the Federal Bureau of Prisons within 72 hours of release;

not be employed by, affiliated with, own or control, or otherwise participate, directly or indirectly, in the business of health services or medical billing without the probation officer's approval;

provide to the probation officer complete access to all business and personal financial information; and,

take notice that, if, upon commencement of the term of supervised release, any part of the $61,936.69 restitution ordered by this judgment remains unpaid, the defendant shall make payments on such unpaid amount at the rate of at least $50 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution amount is paid in full. Any unpaid balance of the restitution ordered by this judgment shall be paid in full 60 days prior to the termination of the term of supervised release.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

The Court orders that defendant shall make restitution, jointly and severally with codefendants Patience Okoroji (01); Usani Ewah (02); Kingsley Nwanguma (03); Joy Ogwuegbu (04); and Kelly Robinett (05), in the amount of $61,936.69. Restitution is payable immediately, but non-payment will not be a violation of defendant's conditions of supervised release so long as defendant pays as provided in defendant's conditions of supervised release. All restitution payments shall be made by defendant to the Clerk of the U.S. District Court, 501 West 10th Street, Room 310, Fort Worth, TX 76102, for disbursement to the following:

Medicare
$61,936.69
Account No. Case No. 3:15-CR-559-O

Restitution is due and payable immediately, but if, upon commencement of the term of supervised release, any part of the $61,936.69 restitution ordered by this judgment remains unpaid, the defendant shall make

payments on such unpaid balance at the rate of at least $50 per month, the first such payment to be made no later than 60 days after the defendant's release from confinement and another payment to be made on the same day of each month thereafter until the restitution is paid in full.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

United States Marshal

BY _____

Deputy Marshal